462

## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Wade Griffin et al.

v.

Allstate Insurance Co.

November 15, 1996

Case No. CL95-534

By Judge William H. Ledbetter, Jr.

The question raised in this declaratory judgment action is whether Adrine Shook, a resident in the home of Wade Griffin, can recover under Griffin's homeowner's insurance policy for a loss she suffered in a fire that damaged Griffin's house.

### Background Facts

Griffin and Shook met and started dating in 1989. He was unmarried; she was separated from her husband. Their relationship became continuous and intimate. Shook gave birth to a son by Griffin in 1990.

Despite their close relationship and the fact that they had a child together, Shook and Griffin did not live together. She resided with her children (two by her marriage and one by Griffin) and her mother in a house that she and her husband owned. Griffin lived alone in a house owned by him in Chancellor Hills Subdivision.

In early 1993, Shook and Griffin began discussing cohabitation. Despite some uncertainty as to whether it would "work out," Shook moved into Griffin's home in April of 1993, along with her mother and the three children. She rented out her house on a one-year lease and moved all of her personal property, including all of her furniture, household furnishings, personal belongings, and the children's personal belongings to the Griffin residence.

Although they maintained separate finances, Shook and Griffin lived as a family in the Chancellor Hills home. He paid the bills, except that they generally split food costs, and he ceased paying child support to her. She cooked, did the laundry, and maintained the house, while he did the yard

work and general maintenance. They routinely engaged in "family-type" activities with the children. Their personal effects were commingled.

Shook had her phone calls and mail forwarded to the Chancellor Hills address. The children attended school in the school district that encompasses Chancellor Hills. Shook concedes in her memorandum that she "resided in Griffin's household."

Nevertheless, Shook and Griffin claim that the arrangement was on a "trial basis." They point out that Shook rented her house rather than sold it so that she could exit the arrangement if it did not work. They observe that Shook did not actually change her address with her banks, the voting registrar, or DMV until some time after the fire. Further, although Griffin filed his 1994 tax return as "head of household," he did not claim Shook as a dependent.

On January 25, 1994, a fire severely damaged the Griffin house. The fire destroyed much of Shook's personal property.

At the time of the fire, Griffin was insured under a policy of homeowner's insurance by Allstate. He was the named insured. Shook was not on the policy.

When Griffin submitted his claim to Allstate, he also submitted a claim for Shook. In conversations with the claims adjuster, he referred to Shook as his "wife" and as his "fiancee." The adjuster knew, however, that Shook and Griffin were not actually married.

Allstate paid Griffin's claim but denied the claim related to Shook's property on the ground that her loss was not covered by the policy.

## Nature of Proceedings

Shook and Griffin instituted this declaratory judgment action seeking a determination of coverage for Shook's property loss. Allstate responded.

The case was tried on October 11, 1996, without a jury. Most of the material facts were stipulated, but the court heard testimony of witnesses and received in evidence various exhibits, including the policy. The case was taken under advisement so that counsel could submit memoranda. The memoranda have been filed and reviewed. This opinion addresses all issues in the case.

## Decision

Shook does not contend that she is a named insured under the policy. She concedes that she is not related to Griffin, is not his spouse, is not a dependent person in his care, and is not a residence employee. Rather, she

contends that she was a guest in the house, as that term is used in Coverage C (page 9) of the policy. Allstate agrees that resolution of the controversy turns on that point.

The word "guest" is not defined in the policy. In support of her position that she should be considered a guest for the purpose of coverage under the circumstances of this case, Shook correctly points out that ambiguities in insurance policies should be given an interpretation that grants coverage rather than one that withholds it. *Granite State Ins. Co. v. Bottoms*, 243 Va. 228 (1992). It is also true, however, as noted by Allstate, that terms in insurance policies should not be given strained or unjustified construction. See *First American Title v. Seaboard Savings & Loan Ass'n.*, 227 Va. 379 (1984).

Simply put, a guest is a person who is entertained at another's home or to whom a hospitality is briefly extended; a temporary sojourner. The court is of the opinion that by any reasonable definition of the word, Shook was not a guest in Griffin's house on January 25, 1994. She was a resident of that house, as she has admitted. She was a member of the household, along with Griffin, her three children and her mother. For all intents and purposes, they were a family.

Shook makes much of the fact that her residence there was on a "trial basis," distinguishing her from a "permanent resident." Nevertheless, as noted above, she rented out her house, moved all of her belongings and her children's belongings to the Chancellor Hills residence; commingled most of her property with Griffin's; used the Chancellor Hills address as her forwarding address and the telephone number there as her forwarding number; and at the time of the fire, they had maintained a thoroughly-merged household for almost nine months, without serious discussion about dissolving the relationship (In fact, they still live together.).

Not only would it be a strained and unreasonable extension of the definition of "guest" to hold that Shook fits the definition, such a construction would be contrary to the intent and purpose of the policy's coverage provisions.

The underlying purpose of the policy was to insure Griffin's house and contents up to the amount provided in the policy for an agreed-upon premium. For no additional charge, the insurer would also provide coverage against property loss by fire to a guest in Griffin's home. Obviously, the insurer felt comfortable in striking this bargain because guests, as that word is commonly defined, do not stay long and do not bring a lot of personal property with them onto the invitor's premises. If the definition

of guest were extended to someone in Shook's circumstances, the insurer's risk would escalate immeasurably and unforeseeably. Unlike a temporary sojourner, Shook, unknown to Allstate, had brought her entire world of personal property, including a houseful of furniture, to the Griffin home and had joined his household for a period that was to be indefinite (and turned out to be almost nine months at the time of the fire). An insurer cannot be subjected to that additional risk for no additional compensation.

For these reasons, the relief sought in the declaratory judgment action must be denied.